UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

KATRELL DANDRIDGE,                 :

                   Plaintiff,        :

                              :

           - against -          :

                              :

THE CITY OF NEW YORK, DANIEL MATTHEWS,    :
and  "JOHN DOE" #1 - 9, in Their Individual Capacities
and in Their Official Capacities,          :

                              :

                 Defendants      :

------------------------------------------------------------------------x

14CV9092(AT)

COMPLAINT AND
DEMAND FOR JURY TRIAL

ECF CASE

Plaintiff, by his attorneys, Michelstein & Associates, PLLC, complaining of the defendants, alleges:

## NATURE OF THE ACTION

1.  This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiff Katrell Dandridge by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws of the State of New York.

2.  Plaintiff Katrell Dandridge is a citizen of the United States who, on November 16, 2013, a passenger in a motor vehicle, was directed to exit the vehicle, arrested by defendants Daniel Matthews and "John Doe" #1 -9 on false criminal charges of Reckless Driving, Reckless Endangerment in the Second Degree, Menacing in the Third Degree, Criminal Possession of Marihuana in the 5th Degree and Unlawful Possession of Marihuana, searched, handcuffed, transported to and imprisoned at the 43rd Precinct, subsequently transported to Bronx Central Booking, where he was imprisoned until his arraignment on November 17, 2013, prosecuted on false criminal charges and, following arraignment, held in custody in lieu of bail and transported to Rikers

Island, from which he was released on bail on November 18, 2014. On February 4, 2014, the criminal charges against the plaintiff were dismissed. The warrantless arrest and prosecution of the plaintiff were the result of policies and practices adopted by defendant The City of New York to arrest individuals without probable cause to support the arrests.

   3. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

<b>JURISDICTION AND VENUE</b>

   4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of plaintiff Katrell Dandridge's constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

   5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendant Daniel Matthews can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

<b>PARTIES</b>

   6. Plaintiff Katrell Dandridge is a citizen of the Untied States who resides in the County of Bronx, City and State of New York.

7. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8. At all times relevant herein, defendant The City of New York maintained a police department.

9. Defendant Daniel Matthews is a natural persons who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

10. At all times relevant herein, defendant Daniel Matthews was acting within the scope of her employment by defendant The City of New York.

11. Defendants "John Doe" #1 - 9 are natural persons who, at all times relevant herein, were employed by defendant The City of New York as police officers.

12. At all times relevant herein, defendants "John Doe" #1 - 9 were acting within the scope of their employment by defendant The City of New York.

## NOTICE OF CLAIM

13. On February 12, 2014, and within 90 days of the accrual of the causes of action herein, plaintiff Katrell Dandridge served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

14. More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

15. Plaintiff incorporates by reference paragraphs 1 through 14 of this complaint as though the same were set forth fully herein.

16.  On November 16, 2013, plaintiff Katrell Dandridge was a passenger in a motor vehicle in the vicinity of Unionport Avenue and Metropolitan Oval, in the Borough of the Bronx, City and State of New York.

17.  On November 16, 2013, at Unionport Avenue and Metropolitan Oval, in the Borough of the Bronx, City and State of New York, defendants Daniel Matthews and "John Doe" #1 - 9 seized plaintiff Katrell Dandridge.

18.  At the above time and place, defendants Daniel Matthews and "John Doe" #1 - 9 subjected plaintiff Katrell Dandridge to a pat-down search.

19.  At the above time and place, defendants Daniel Matthews and "John Doe" #1 - 9 handcuffed plaintiff Katrell Dandridge.

20.  At the above time and place, defendants Daniel Matthews and "John Doe" #1 - 9 arrested plaintiff Katrell Dandridge on false criminal charges of Reckless Driving, Reckless Endangerment in the Second Degree, Menacing in the Third Degree, Criminal Possession of Marihuana in the Fifth Degree and Unlawful Possession of Marihuana.

21.  Defendants Daniel Matthews and "John Doe" #1 - 9 did not have a warrant or other legal process authorizing the arrest of plaintiff Katrell Dandridge.

22.  Defendants Daniel Matthews and "John Doe" #1 - 9 transported plaintiff Katrell Dandridge to the 43rd Precinct, where the plaintiff was imprisoned for a period of time.

23.  Plaintiff Katrell Dandridge was subsequently transported to Bronx Central Booking, where he continued to be imprisoned.

24.  On information and belief, on November 16, 2013, defendant Daniel Matthews falsely informed an assistant district attorney in the office of the Bronx County District Attorney that

plaintiff Katrell Dandridge was responsible for the operation of the vehicle in which the plaintiff had been riding as a passenger.

25.  Upon information and belief, on November 16, 2013, defendant Daniel Matthews falsely informed an assistant district attorney in the office of the Bronx County District Attorney that plaintiff Katrell Dandridge recklessly operated the motor vehicle in which the plaintiff had been riding as a passenger.

26.  Upon information and belief, on November 16, 2013, defendant Daniel Matthews falsely informed an assistant district attorney in the office of the Bronx County District Attorney that marijuana allegedly found in the closed glove compartment of the motor vehicle was in the custody and control of plaintiff Katrell Dandridge.

27.  Defendant Daniel Matthews lacked any evidence that plaintiff Katrell Dandridge, who was neither the owner nor the operator of the motor vehicle, was aware that marijuana was present in the closed glove compartment of the vehicle.

28.  On November 16, 2013, defendant Daniel Matthews instituted a criminal proceeding against plaintiff Katrell Dandridge in the Criminal Court of the City of New York, County of Bronx, under docket No. 2013BX065971, accusing the plaintiff of the crimes of Reckless Endangerment in the Second Degree, Menacing, Criminal Possession of Marijuana in the Fifth Degree, Reckless Driving, and Unlawful Possession of Marijuana.

29.  On November 17, 2013, plaintiff Katrell Dandridge was arraigned before a judge of the Criminal Court of the City of New York, County of Bronx, and bail was set.

30.  On November 18, 2013, plaintiff Katrell Dandridge was released from custody after bail was posted on his behalf.

31.  On February 4, 2014, the charges against plaintiff Katrell Dandridge were dismissed.

## COUNT ONE
## <u>FALSE IMPRISONMENT UNDER 42 U.S.C. 1983</u>

32.   Plaintiff incorporates by reference paragraphs 1 through 31 of this Complaint as though the same were set forth fully herein.

33.   The seizure, arrest, and imprisonment of plaintiff Katrell Dandridge by defendants Daniel Matthews and "John Doe" #1 - 9 were made without any warrant or other legal process directing or authorizing his seizure, arrest, or imprisonment.

34.   The seizure, arrest, and imprisonment of plaintiff Katrell Dandridge were made without probable cause to believe that he had committed a crime or offense.

35.   The charges upon which defendants Daniel Matthews and "John Doe" #1 - 9 arrested plaintiff Katrell Dandridge were false.

36.   The charges were made by defendants Daniel Matthews and "John Doe" #1 - 9 against plaintiff Katrell Dandridge with knowledge that they were false.

37.   Plaintiff Katrell Dandridge was aware of his seizure, arrest and imprisonment by defendants Daniel Matthews and "John Doe" #1 - 9.

38.   Plaintiff Katrell Dandridge did not consent to his seizure, arrest or imprisonment.

39.   As a result of the foregoing, plaintiff Katrell Dandridge was deprived of his liberty, was imprisoned, was subjected to emotional and physical distress, and suffered anxiety, embarrassment and humiliation.

40.   The seizure, arrest and imprisonment of plaintiff Katrell Dandridge deprived him of his rights to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

41. Defendants Daniel Matthews and "John Doe" #1 - 9 were acting under color of state law when they seized, arrested and imprisoned plaintiff Katrell Dandridge.

42. Defendants Daniel Matthews and "John Doe" #1 - 9 deprived plaintiff Katrell Dandridge of his rights to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting and imprisoning him on false criminal charges.

## COUNT TWO
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

43. Plaintiff incorporates by reference paragraphs 1 through 42 of this Complaint as though the same were set forth fully herein.

44. The criminal charges brought by defendant Daniel Matthews against plaintiff Katrell Dandridge in the Criminal Court of the City of New York, County of Bronx, were false.

45. Defendant Daniel Matthews instituted the criminal proceeding against plaintiff Katrell Dandridge with knowledge that the charges were false.

46. Defendant Daniel Matthews instituted the criminal proceeding against plaintiff Katrell Dandridge without probable cause to believe that plaintiff Katrell Dandridge had committed the crimes charged.

47. Defendant Daniel Matthews was acting with malice when he commenced the criminal proceeding against plaintiff Katrell Dandridge.

48. The criminal proceeding instituted by defendant Daniel Matthews against plaintiff Katrell Dandridge was terminated in plaintiff Katrell Dandridge's favor.

49.  Defendant Daniel Matthews was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Katrell Dandridge was responsible for the operation of the vehicle in which the plaintiff had been riding as a passenger.

50.  Defendant Daniel Matthews was acting under color of state law when he falsely informed an assistant district attorney in the office of the Bronx County District Attorney that plaintiff Katrell Dandridge recklessly operated a motor vehicle.

51.  Defendant Daniel Matthews was acting under color of state law when he falsely informed an assistant district attorney in the office of the Bronx County District Attorney that marijuana allegedly found in the closed glove compartment of the motor vehicle was in the custody and control of plaintiff Katrell Dandridge.

52.  Defendant Daniel Matthews was acting under color of state law when he commenced a criminal proceeding against plaintiff Katrell Dandridge in the Criminal Court of the City of New York, County of Bronx.

53.  Defendant Daniel Matthews deprived plaintiff Katrell Dandridge of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States. under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against the plaintiff on false criminal charges

54.  Defendant Daniel Matthews deprived plaintiff Katrell Dandridge of his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Katrell Dandridge on false charges.

55. As a result of the criminal proceeding instituted by defendant Daniel Matthews, plaintiff Katrell Dandridge was greatly humiliated, was subjected to mental and physical distress, and was exposed to public ridicule, scorn, humiliation and embarrassment.

## COUNT THREE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

56. Plaintiff incorporates by reference paragraphs 1 through 55 of this Complaint as though the same were set forth fully herein.

57. The seizure, arrest and imprisonment of plaintiff Katrell Dandridge were carried out by defendants Daniel Matthews and "John Doe" #1 - 9 in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

58. The seizure, arrest and imprisonment of plaintiff Katrell Dandridge were carried out by defendants Daniel Matthews and "John Doe" #1 - 9 in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

59. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

60. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

    (a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

(c) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests;

(d) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(e) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

61. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

62. The seizure, arrest and imprisonment of plaintiff Katrell Dandridge on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

63. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

64. Defendant The City of New York deprived plaintiff Katrell Dandridge of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state

law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for warrantless arrests and the standards of probable cause.

65.  The aforesaid conduct of defendant The City of New York violated plaintiff Katrell Dandridge's rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

## COUNT FOUR
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

66.  Plaintiff incorporates by reference paragraphs 1 through 65 of this Complaint as though the same were set forth fully herein.

67.  Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Daniel Matthews and "John Doe" #1 - 9 are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

68.  Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

69.  The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

70.  Nevertheless, defendant The City of New York exercised deliberate indifference by failing to take remedial action by failing to train, retrain, supervise, monitor and discipline the

officers and improperly retained and utilized them.

71. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Katrell Dandridge would be violated.

72. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Katrell Dandridge.

73. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

74. Defendant The City of New York deprived plaintiff Katrell Dandridge of his rights to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and not bo be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT FIVE
## COMMON LAW ASSAULT AND BATTERY

75. Plaintiff incorporates by reference paragraphs 1 through 74 of this Complaint as though the same were set forth fully herein.

76. Defendants Daniel Matthews, "John Doe" #1 - 9 and The City of New York

committed an assault and battery on the person of plaintiff Katrell Dandridge by subjecting the plaintiff to a pat-down search..

77.  As a result of the foregoing, plaintiff Katrell Dandridge experienced physical discomfort, physical and emotional distress, hardship and anxiety.

## COUNT SIX
## COMMON LAW ASSAULT AND BATTERY

78.  Plaintiff incorporates by reference paragraphs 1 through 77 of this Complaint as though the same were set forth fully herein.

79.  Defendants Daniel Matthews, "John Doe" #1 - 9 and The City of New York committed an assault and battery on the person of plaintiff Katrell Dandridge by  handcuffing the plaintiff.

80.  As a result of the foregoing, plaintiff Katrell Dandridge experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT SEVEN
## COMMON LAW FALSE IMPRISONMENT

81.  Plaintiff incorporates by reference paragraphs 1 through 80 of this Complaint as though the same were set forth fully herein.

82.  Defendants Daniel Matthews, "John Doe" #1 - 9 and The City of New York falsely imprisoned plaintiff Katrell Dandridge by seizing, arresting and imprisoning him on false charges of Reckless Driving, Reckless Endangerment in the Second Degree, Menacing in the Third Degree, Criminal Possession of Marihuana in the Fifth Degree and Unlawful Possession of Marihuana.

83.  As a result of the foregoing, plaintiff Katrell Dandridge was deprived of his liberty, was imprisoned, was subjected to mental and physical distress, and suffered embarrassment and humiliation.

## COUNT EIGHT
## COMMON LAW MALICIOUS PROSECUTION

84.  Plaintiff incorporates by reference paragraphs 1 through 83 of this complaint as though the same were set forth fully herein.

85.  Defendants Daniel Matthews and The City of New York maliciously prosecuted plaintiff Katrell Dandridge on false charges of Reckless Driving, Reckless Endangerment in the Second Degree, Menacing in the Third Degree, Criminal Possession of Marihuana in the Fifth Degree and Unlawful Possession of Marihuana.

86.  As a result of the criminal proceeding instituted by defendants Daniel Matthews and The City of New York, plaintiff Katrell Dandridge was subjected to mental and physical distress and was exposed to public ridicule, scorn, humiliation and embarrassment.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff Katrell Dandridge respectfully requests that this Court grant the following relief:

A.  Award plaintiff Katrell Dandridge compensatory damages to be determined by the jury at the time of trial;

B.  Award plaintiff Katrell Dandridge  punitive damages to be determined by the jury at the time of trial;

C.  Award the plaintiff Katrell Dandridge  reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D.  Grant such further relief as the Court deems necessary and proper.

### JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
       November 13, 2014

MICHELSTEIN & ASSOCIATES, PLLC

By: _____
     Steven D. Michelstein (SM3323)
     Attorneys for Plaintiff
     485 Madison Avenue
     New York, New York 10022
     Malaw485@yahoo.com
     (212) 588-0880